

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

February 20, 1957.

Honorable Leonard Howell,
County Attorney,
Midland County,
Midland, Texas.

Opinion WW - 33

Re: The authority of the
County Commissioners'
Court to Choose a
County Depository
Under the Stated

Dear Mr. Howell:

Facts.

    In your letter of February 11, 1957, you requested an opinion concerning the authority of the County Commissioners' Court of Midland County, Texas, to select a bank as a county depository. The fact situation involved in your request is substantially as follows:

    The County Commissioners' Court of Midland County, Texas, having given notice as required by Article 2544, Vernon's Civil Statutes, proceeded in their selection of a county depository in accordance with the provisions of Article 2546, Vernon's Civil Statutes. It was at that time noted that but one of the applying banks had complied with the provisions of Article 2545, Vernon's Civil Statutes, requiring the applicant to make a statement of the amount of its paid up capital stock and permanent surplus and to include a statement showing the financial condition of said applicant. The President of the First National Bank of Midland, Texas, was present at the meeting of the County Commissioners' Court, however, and proceeded to orally submit the information which had been omitted from the application of his bank. This information was subsequently submitted to the County Commissioners' Court in proper written form that same day. After consideration and discussion of the applicants by the Commissioners' Court, on the same day, a motion was made, seconded, and unanimously approved that the First National Bank of Midland, Texas, be awarded the contract as the Depository of the County Public Funds.

    Based upon the above facts, you asked the following question:

    "Can the County Commissioners Court of Midland County, Texas, lawfully consider and accept the application of the First National Bank, Midland, Texas, as a depository of the Public Funds of said

County when said applicant failed to originally
include with its application the statement of
the amount of paid up capital stock and perma-
nent surplus and a statement showing its finan-
cial condition at the date of said application,
although said applicant's president, at the
meeting of the Commissioners Court held to con-
sider such applicants, arose and verbally gave
such information to said Commissioners Court,
and thereafter, the same day, during said Bank's
regular banking hours, caused to be delivered
to said Commissioners Court a proper statement
of such matters?"

Article 2545, Vernon's Civil Statutes reads in part:

"Any banking corporation, association or
individual banker in such county desiring to be
designated as county depository shall make and
deliver to the County Judge an application apply-
ing for such funds and said application shall
state the amount of paid up capital stock and
permanent surplus of said bank and there shall be
furnished with said application a statement show-
ing the financial condition of said bank at the
date of said application which shall be delivered
to the County Judge on or before the first day of
the term of the Commissioners Court at which the
selection of the depositories is to be made...."
(Emphasis ours).

Article 2546, Vernon's Civil Statutes reads in part:

"It shall be the duty of the Commissioners
Court at ten o'clock a. m. on the first day of each
term at which banks are to be selected as county
depositories, to consider all applications filed
with the County Judge, cause such applications to
be entered upon the minutes of the Court and to
select those applicants that are acceptable and who
offer the most favorable terms and conditions for
the handling of such funds and having the power to
reject those whose management or condition, in the
opinion of the Court, does not warrant placing of
county funds in their possession . . . ."

The applicant bank in question has shown an intent to apply to the County Commissioners' Court of Midland County, Texas, for a designation as the county depository. It has evidenced this by the filing of the written application. Inasmuch as Articles 2545 and 2546, Vernon's Civil Statutes, as quoted above, allow for the filing of applications by banks on or before the first day of the term of the County Commissioners' Court at which the selection is to be made and for the selection of a bank by the County Commissioners' Court as a county depository on that date; it is our opinion that the supplemental information as furnished by the President of the First National Bank of Midland, could properly be considered as submitted on or before the date required by Article 2545.

For the reasons mentioned above, it is our opinion that the County Commissioners' Court of Midland County, Texas, may lawfully consider and accept the application of the First National Bank of Midland, Texas, as a county depository.

In the light of the above comment, it becomes unnecessary to answer your second inquiry concerning the handling of these applications.

## SUMMARY

The County Commissioners' Court may lawfully consider and accept the application of a Bank as a County Depository where the application did not contain a statement showing the financial condition of the bank but the President orally supplied such information and subsequently submitted it in proper written form on the date the applications were opened and considered by the Court.

Very truly yours,

WCRjr:f

APPROVED:

OPINION COMMITTEE
By H. Grady Chandler,
    Chairman

WILL WILSON
ATTORNEY GENERAL OF TEXAS

By *Wayland C. Rivers Jr.*
    Wayland C. Rivers, Jr.
    Assistant Attorney General